ORIGINAL

# In the United States Court of Federal Claims

No. 15-1271 C
Filed: June 30, 2016
NOT TO BE PUBLISHED

**FILED**

**JUN 3 0 2016**

U.S. COURT OF
FEDERAL CLAIMS

```
*****************************************
                                        *
                                        *
RAFER M. HARRISON,                      *
                                        *
       Plaintiff, pro se,               *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
       Defendant.                       *
                                        *
                                        *
*****************************************
```

**Rafer M. Harrison**, Marianna, Florida, Plaintiff, *pro se*.

**Joseph Edward Ashman**, United States Department of Justice, Commercial Litigation Branch, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND FINAL ORDER

**BRADEN**, *Judge*.

### I.   RELEVANT FACTUAL BACKGROUND.[1]

Mr. Rafer Harrison is an inmate at the Federal Correctional Institution in Marianna, Florida.  Am. Compl. at 1.  A jury convicted Mr. Harrison on one count of aggravated sexual abuse of a child under 12 years old, in violation of 18 U.S.C. § 2241(c),[2] and one count of abusive sexual

---

[1] The facts discussed herein were derived from the February 10, 2016 Amended Complaint ("Am. Compl.").

[2] Section 2241(c) of the Sexual Abuse Act of 1986 provides:

With children.—Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any

contact with a child, in violation of 18 U.S.C. §§ 2244(a)(1)[3] and 2244(c).[4] *See United States v. Harrison*, 296 F.3d 994, 995 (10th Cir. 2002) (affirming defendant's conviction and dismissing alleged judicial and prosecutorial misconduct claims).

---

> prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life. If the defendant has previously been convicted of another Federal offense under this subsection, or of a State offense that would have been an offense under either such provision had the offense occurred in a Federal prison, unless the death penalty is imposed, the defendant shall be sentenced to life in prison.

18 U.S.C. § 2241(c).

[3] Section 2244(a) of the Sexual Abuse Act of 1986, in relevant part, provides:

> Sexual conduct in circumstances where sexual acts are punished by this chapter.—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in or causes sexual contact with or by another person, if so to do would violate—

> (1) subsection (a) or (b) of section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than ten years, or both[.]

18 U.S.C. § 2244(a).

[4] Section 2244(c) of the Sexual Abuse Act of 1986 provides:

> Offenses involving young children.—If the sexual contact that violates this section (other than subsection (a)(5)) is with an individual who has not attained the age of 12 years, the maximum term of imprisonment that may be imposed for the offense shall be twice that otherwise provided in this section.

18 U.S.C. § 2244(c).

## II.    RELEVANT PROCEDURAL HISTORY.

On October 26, 2015, Mr. Rafer Harrison ("Plaintiff") filed a Complaint ("Compl.") in the United States Court of Federal Claims alleging that the United States ("the Government") breached treaty and fiduciary duties owed to Plaintiff under Sections 450f and 450j-1 of the Indian Self-Determination and Education Assistance Act by negligently providing less than the full statutory funding and thereby denying Plaintiff indirect costs for: Tribal law enforcement programs; operation of Tribal housing and urban development; operation of Navajo Tribal health care programs; operation of Tribal environmental programs; and maintaining historical properties. *See* 25 U.S.C. § 450b (defining "indirect costs," as those that are "incurred for a common or joint purpose benefiting more than one contract objective, or which are not readily assignable to the contract objectives specifically benefited without effort disproportionate to the results achieved"). Compl. at 1–6.

On October 26, 2015, Plaintiff also filed a Motion For Leave To Proceed *In Forma Pauperis* and a Notice Of Directly Related Cases: *Peters v. United States*, No 15-528C; *Ballard v. United States*, No. 15-799; *Little Coyote v. United States*, No. 15-723; *Fourstar v. United States*, No 15-014; and *Jones v. United States*, No. 15-806.  Plaintiff's case initially was assigned to the Honorable Thomas C. Wheeler.  On November 5, 2015, pursuant to Rule 40.1(b)[5] of the Rules of the United States Court of Federal Claims ("RCFC"), this case was reassigned to the undersigned judge.

On November 12, 2015, the court granted Plaintiff's Motion For Leave To Proceed *In Forma Pauperis*.

On December 7, 2015, the Government filed a Motion To Dismiss, pursuant to RCFC 12(b)(1).[6]

On January 6, 2016, Plaintiff filed a Motion To Amend Complaint, with an Amended Complaint ("Am. Compl.") attached thereto.  On January 14, 2016, the Government filed a Response.

---

[5] Rule 40.1(b) of the United States Court of Federal Claims, in relevant part, provides:

> To promote docket efficiency, to conform to the requirements of any case management plan, or for the efficient administration of justice, the assigned judge, either on a party's motion or on the court's own initiative, may order the transfer of all or any part of a case to another judge upon the agreement of both judges.

RCFC 40.1(b).

[6] Rule 12(b)(1) of the United States Court of Federal Claims, in relevant part, provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defense[] by motion: [] lack of subject-matter jurisdiction[.]" RCFC 12(b)(1).

On February 10, 2016, pursuant to RCFC 15(a)(2),[7] the court granted Plaintiff's January 6, 2016 Motion To Amend Complaint, and Plaintiff's Amended Complaint was filed, alleging a claim for wrongful imprisonment and requesting $700,000 in compensatory damages, appointment of counsel, and other relief. Am. Compl. at 2. The February 10, 2016 Amended Complaint also alleged that Plaintiff's rights were violated under: the "bad men" clause of the Fort Sumner Treaty of 1868, also known as the Navajo Treaty;[8] 18 U.S.C. § 401(3);[9] and the 2015 Regulatory Act.[10] Am. Compl. at 2.

---

[7] Rule 15(a)(2) of the United States Court of Federal Claims, in relevant part, provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." RCFC 15(a)(2).

[8] The Fort Sumner Treaty of 1868, in relevant part, provides:

> If bad men among the whites, or among other people subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made to the agent and forwarded to the Commissioner of Indian Affairs at Washington City, proceed at once to cause the offender to be arrested and punished according to the laws of the United States, and also to reimburse the injured persons for the loss sustained. . . .

> And the President may prescribe such rules and regulations for ascertaining damages under this article as in his judgment may be proper; but no such damage shall be adjusted and paid until examined and passed upon by the Commissioner of Indian Affairs, and no one sustaining loss whilst violating, or because of his violating, the provisions of this treaty or the laws of the United States, shall be reimbursed therefor.

Fort Sumner Treaty of 1868, art. I, 15 Stat. 667.

[9] Section 401 of the 21st Century Department of Justice Appropriations Authorization Act, in relevant part, provides:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . .

> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401.

[10] Although Plaintiff did not provide a citation for the "2015 Regulatory Act," the court assumes Plaintiff's reference was to the Indian Gaming Regulatory Act, 25 U.S.C. § 2713, that generally provides for imposing fines against tribal operators of Indian games or management contractors engaged in gaming for violations of the statute. *See* 25 U.S.C. § 2713

On February 25, 2016, the Government filed a Motion To Dismiss Plaintiff's Amended Complaint ("Gov't Mot."), pursuant to RCFC 12(b)(1).

On March 28, 2016, Plaintiff filed a Motion To Stay And Consolidate Cases; And A Motion For Extension Of Time To Amend And Reply To Defendant's Motion To Dismiss. On April 6, 2016, Plaintiff filed a Motion For Service Of March 28, 2016 Motion For Extension Of Time To Amend And Reply To Defendant's Motion To Dismiss. On April 12, 2016, the Government filed a Response to the March 28, 2016 Motion To Stay And Consolidate Cases. On April 13, 2016, the court issued an Order, granting Plaintiff's March 28, 2016 Motion For Extension Of Time To Amend And Reply To Defendant's Motion To Dismiss and reserved judgment on Plaintiff's Motion To Stay And Consolidate Cases until the parties completed briefing on the Government's February 25, 2016 Motion To Dismiss.

On May 3, 2016, Plaintiff filed a Reply To Defendant's Motion To Dismiss The Amended Complaint; And Motion For Extension Of Time To Reply To Motion To Dismiss Amended Complaint. On May 25, 2016, the court construed Plaintiff's May 3, 2016 Reply and Motion as a Response ("Pl. Resp.") to the Government's February 25, 2016 Motion To Dismiss Amended Complaint and issued an Order directing the Government to reply. Order, ECF No. 24.

On June 8, 2016, the Government filed a Reply.

## III.   DISCUSSION.

### A.   Standard Of Review Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "[l]ack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d, 795, 797 (Fed. Cir. 1995).

### B.   Whether The Court Has Jurisdiction To Adjudicate The Claims In The February 10, 2016 Amended Complaint.

#### 1. *Pro Se* Considerations.

The court is cognizant of the obligation to construe liberally *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "*pro se* document is to be liberally construed."). Nevertheless, *pro se* plaintiffs still must "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983).

## 2. The Government's Argument.

The Government argues that the court does not have jurisdiction to adjudicate the claims alleged in the February 10, 2016 Amended Complaint regarding violations of the "bad men" clause of the Fort Sumner Treaty of 1868, 18 U.S.C. § 401(c), the Indian Self-Determination and Education Assistance Act, and the 2015 Regulatory Act, because none of these statutes are money-mandating and Plaintiff has not identified any express or implied contract with the United States. Gov't Mot. at 1.

As to Plaintiff's claim that federal judicial and law enforcement officials engaged in criminal conduct, the court does not have jurisdiction to adjudicate claims under the federal criminal code.[11]  Gov't Mot. at 3.  In addition, the court does not have jurisdiction to adjudicate any allegation of tortious or discriminatory conduct by federal judicial and law enforcement officials.  Gov't Mot. at 3 (citing *Coleman v. United States*, 116 Fed. Cl. 461, 471 (2014); *McCauley v. United States*, 38 Fed. Cl. 250, 265 (1997)).  As to Plaintiff's claim that "defendants" violated the "bad men" clause, Plaintiff failed to identify particular individuals as "bad men" or identify a criminal act committed by the individuals.  Gov't Mot. at 4–5 (citing *Jones v. United States*, 122 Fed. Cl. 490, 519–20 (2015)).  Accordingly, Plaintiff's February 10, 2016 Amended Complaint does not allege a claim that the court has jurisdiction to adjudicate.

## 3. Plaintiff's Response.

Plaintiff responds that the court has jurisdiction to adjudicate his claims under the "bad men" clause of the Fort Sumner Treaty, because the "facts, circumstances and requested consolidated case(s) reflect a money-mandating statute or express or implied contract with the United States[.]"  Pl. Resp. at 5.  Specifically, Plaintiff contends that the "defendants" Curtis Leroy Hansen and Gregory J. Fouratt are not shielded by absolute immunity for the "unreasonable and retroactive application" of: the 2011 Enhanced Disciplinary Sanctions;[12] the Adam Walsh Child Protection and Safety Act,[13] 42 U.S.C. § 16911 *et seq.*; the Sex Offender Registration and

---

[11] Plaintiff identified a federal judge, who has immunity when performing judicial functions, and an Assistant United States Attorney, who has immunity with respect to "conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process." Gov't Mot at 5 (citing *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)).

[12] The court was unable to ascertain a money-mandating statute relevant to this citation.

[13] The Adam Walsh Child Protection and Safety Act also is referred to as the Sex Offender Registration and Notification Act. *See* 42 U.S.C. § 16901.

Notification Act,[14] 42 U.S.C. § 16913; Tribal Sex Offender Registration,[15] 17 N.N.C. § 220; Sex Offender Management Assistance,[16] 42 U.S.C. § 16926; and notification under 18 U.S.C. § 4042(B).[17] Pl. Resp. at 5.

### 4. The Court's Resolution.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive

---

[14] Section 16913 of the Sex Offender Registration and Notification Act, in relevant part, provides: "A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913.

[15] Plaintiff did not provide a citation for "Tribal Sex Offender Registration." The court assumes Plaintiff's reference was to Title 17 of the Navajo Nation Code, 17 N.N.C. § 220, that requires the defendant to register as a convicted sex offender for a minimum of 15 years.

[16] Section 16926 of the Sex Offender Registration and Notification Act, in relevant part, provides: "The Attorney General shall establish and implement a Sex Offender Management Assistance program (in this subchapter referred to as the "SOMA program"), under which the Attorney General may award a grant to a jurisdiction to offset the costs of implementing this subchapter." 42 U.S.C. § 16926.

[17] Plaintiff cited to 18 U.S.C. § 2042(B). Pl. Resp. at 5. The court assumes Plaintiff's reference was to 18 U.S.C. § 4042(c)(1)(B), which in relevant part, provides:

Notice of sex offender release.—(1) In the case of a person described in paragraph (3), or any other person in a category specified by the Attorney General, who is released from prison or sentenced to probation, notice shall be provided to . . .

(B) a State, tribal, or local agency responsible for the receipt or maintenance of sex offender registration information in the State, tribal, or local jurisdiction in which the person will reside.

18 U.S.C. § 4042(c)(1).

agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

The February 10, 2016 Amended Complaint alleges a violation of 18 U.S.C. § 401(3). Am. Compl. at 2. But, that statute concerns federal crimes of contempt. The United States Court of Federal Claims has "no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[.]" *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

The February 10, 2016 Amended Complaint also alleges a violation of the 2015 Regulatory Act, 25 U.S.C. § 2713. Am. Compl. at 2. The court interprets this allegation to reference the Indian Gaming Regulatory Act, 25 U.S.C. § 2713. The court, however, does not have jurisdiction to adjudicate Plaintiff's claim under the Indian Gaming Regulatory Act, because it is not money-mandating. *See Alabama v. PCI Gaming Auth.*, 801 F.3d 1278, 1284 (11th Cir. 2015) ("[T]he ultimate remedy available [for the tribe] is that the Secretary may set forth the terms under which the tribe may engage in class III gaming on Indian lands within the state. [The Indian Gaming Regulatory Act] also expressly provides states with a cause of action . . . . No remedy other than an injunction is provided.") (citations omitted).

The February 10, 2016 Amended Complaint also alleges a violation of the "bad men" clause of the Fort Sumner Treaty of 1868. Am. Compl. at 2. Assuming *arguendo* that the alleged "bad men" are not shielded by immunity, the court does not have jurisdiction to adjudicate Plaintiff's claim under the "bad men" clause of the Fort Sumner Treaty of 1868. In order for the court to adjudicate a claim under that clause, a prerequisite administrative decision by the Department of the Interior must be issued. *See Tsosie v. United States*, 11 Cl. Ct. 62, 75 (1986) ("[T]here must first be an administrative decision by the Department of the Interior, pursuant to the treaty, but . . . there clearly [is] a right on the part of an Indian claimant to seek judicial review of that administrative decision in the Court of Claims."); *see also Elk v. United States*, 70 Fed. Cl. 405, 407 (2006) ("[The Fort Sumner Treaty] . . . preclud[es] the payment of damages until a claim is 'thoroughly examined and passed upon by the Commissioner of Indian Affairs.'") (citing *Begay v. United States*, 219 Ct. Cl. 599, 602 n. 4 (1979) ("Article I declares that 'no such damage shall be adjusted and paid until thoroughly examined and passed upon by the Commissioner of Indian Affairs[.]'")). Plaintiff's February 10, 2016 Amended Complaint does not reference any administrative decision, nor allege that Plaintiff exhausted all administrative remedies.

8

Plaintiff also argues that the alleged "bad men" are not entitled to immunity due to the application of: the 2011 Enhanced Disciplinary Sanctions; the Adam Walsh Child Protection and Safety Act, 42 U.S.C. § 16911 *et seq.*; the Sex Offender Registration and Notification Act, 42 U.S.C. § 16913; Tribal Sex Offender Registration, 17 N.N.C. § 220; Sex Offender Management Assistance, 42 U.S.C. § 16926; and notification under 18 U.S.C. § 4042(B). Pl. Resp. at 5.  None of these statutes, however, provide a basis for jurisdiction, because they are not money-mandating. Therefore, the court does not have jurisdiction to adjudicate the claims based on these statutes.

## IV.   CONCLUSION.

For these reasons, the Government's February 25, 2016 Motion To Dismiss is **granted**. *See* RCFC 12(b)(1).  Other pending motions are denied as moot.  The Clerk is directed to **dismiss** the February 10, 2016 Amended Complaint.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**